# Shaubach, Appellant, v. Morrison, Acting Commissioner of Banking.

*Trusts and trustees—Insolvent trust company—Failure to account for trust fund—Commissioner of banking—Liability to account.*

The commissioner of banking having taken charge of the affairs of an insolvent trust company under the provisions of the Act of May 21, 1919, P. L. 209, is not liable to file an account as guardian of the minor, where there is no record of any account in the books of the company or of any fund received or invested by it as guardian of the minor. In such case, a petition for a citation to file an account is properly dismissed and a finding that there is a deficiency in the trust funds of the trust company will be affirmed.

Argued November 13, 1923. Appeal, No. 81, Oct. T., 1923, by Milton Shaubach, from decree of O. C. Lancaster Co., Dec. T., 1919, No. 6, dismissing petition for citation to guardian to file an account, in the case of Milton Shaubach v. John W. Morrison, Acting Commissioner of Banking. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for citation to guardian to file an account. Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition to file an account, but held that there was a deficiency in the trust funds of the insolvent trust company, and that there is due and owing the petitioner the sum of $1,308.92. Petitioner appealed.

*Error assigned* was the order of the court.

*B. F. Davis,* for appellant.

*H. Edgar Sherts,* for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

The Agricultural Trust Company was appointed guardian of Milton Shaubach on March 19, 1919, by the orphans' court. The ward was entitled to $1,308.92 as his distributive share of the estate of Susanna Martin, deceased. On the 14th of April, 1920, the administrator of that estate presented to the Agricultural Trust Company a check for the above stated amount, drawn on the Agricultural Trust Company and payable to the order of that company, as guardian, for Milton Shaubach. The trust company thereafter became insolvent and closed its doors on June 23, 1921, and the commissioner of banking took charge of it pursuant to the provisions of the Act of May 21, 1919. The appellant reached his majority on January 14, 1922; thereafter he presented a petition to the orphans' court for a citation on the commissioner of banking to file the account of the trust company as his guardian. To that petition the commissioner made answer in part as follows:

"The said Agricultural Trust Company kept a trust department in which were kept all trust funds and funds of every character held by them in a fiduciary capacity and the investment of the said funds, the said trust department being separate and apart from the assets of the said trust company, and in which all investments made by the said Agricultural Trust Company as fiduciary were designated and the trust to which said investments belonged were shown, as they were required by the laws of the Commonwealth of Pennsylvania.

"That no record whatever is to be found in the books of the said trust department of any funds received as guardian of the said Milton Shaubach and no record is made in the said department of any investment of funds whatsoever as guardian of Milton Shaubach, and I so reported to the petitioner and his attorneys.

"There being no account whatsoever of funds received or investments made by the Agricultural Trust Company as guardian of Milton Shaubach in the trust department kept by the Agricultural Trust Company, I am unable to make or file any account of the said guardianship." Testimony was taken in support of the petition from which it appeared that the check above referred to was stamped "paid," but no account appeared in the books at the bank in the trust department or elsewhere of a credit to the appellant. It appeared that the trust funds of the company were kept in a bank in Philadelphia, but neither there nor in the records of the trust company was there any account of the Shaubach fund. From this state of facts the court decreed that the petition for citation be dismissed. The order contained a finding however that "there is a deficiency in the trust funds, property and investments of the Agricultural Trust Company in their trust department, and no account was ever opened or any funds turned into the trust department in so far as it relates to the guardianship of Milton Shaubach, but that there is owing to the said Milton Shaubach the sum of Thirteen Hundred and Eight 92/100 Dollars ($1,308.92), for which the Agricultural Trust Company is liable." The appeal is taken from this order. The relation to and control over the funds of an insolvent state bank or trust company are prescribed in the Act of May 21, 1919, the 40th section of which has reference to the funds, property and investments held by such corporation in any fiduciary capacity. Paragraph B of that section provides that when it is determined to liquidate the affairs of such corporation, the commissioner shall give written notice to all parties interested in such funds, property and investments held in a fiduciary capacity to apply to the proper court or officials for the appointment of substituted fiduciaries to take the place of such corporation; and on failure of the parties so notified to make such application within the time designated, the commissioner is authorized to apply

for the appointment of such substituted fiduciaries. In paragraph C, the commissioner is authorized where there shall be no dispute as to the amount or identity of such funds, property or investment, and where all parties in interest are sui juris and so request in writing, to transfer, pay over and deliver to such substituted fiduciary all funds, property and investments of the particular trust. It is provided in paragraph D that in any instance where there shall be a dispute as to the identity of alleged trust funds, property or investments, either because the same have become or are alleged to have become mingled with other funds, property or investments, or otherwise, the court having jurisdiction of the liquidation proceedings shall have exclusive jurisdiction to determine such dispute. It is provided in paragraph E that in all other instances the commissioner shall with the least possible delay, prepare and file in the courts having the jurisdiction thereof, the accounts of such corporation in such fiduciary capacity and shall transfer, pay over and deliver the balance determined upon such accounts to be due in accordance with the orders and decrees of such courts. Paragraph F directs that where in any instance it shall be ascertained by any such court that there is a deficiency in any such trust funds, property or investments, for which such corporation is liable, or that such corporation is liable to surcharge in respect thereof, the amount thereof shall constitute an unpreferred claim against the general funds in the hands of the commissioner and the order or decree of such court shall be conclusive, subject to appeal as to the amount of such claim. The finding of the court as to the amount due was made under the regulations of this section and there is no dispute in regard to the amount which should have gone into the care of the trust company. The order appealed from relates to two subjects; the obligation of the commissioner to account and the adjudication of the extent of the liability of the trust company. The order dismissing the petition to account was

properly entered. There was nothing in the custody of the commissioner from which a trust relation to the petitioner could be established. No accounts appeared on the books of the company and no fund was subject to identification as the property of the ward. The fact of liability must be ascertained therefore by judicial inquiry and the commissioner was not invested with such authority. Paragraph C of the section has evident relation to accounts recognized or admitted by the corporation from which the commissioner may state an account. But where as in paragraph D there is a dispute as to the alleged trust funds because they have been mingled with other funds "or otherwise" the court having jurisdiction of the liquidation proceedings is authorized to determine the dispute. It is clear that the commissioner of banking had no basis on which to found an account for there was no admission of liability by the trust company. As the only subject presented to the court by the petition was the liability of the commissioner of banking to file an account, it is unnecessary now to consider the rights of the appellant with respect to his claim against the trust company. The case before us is not a distribution proceeding. The facts disclosed involve the rights of other creditors to the fund for distribution and we are not authorized to anticipate the action of the proper court with respect thereto. What we now decide is that the commissioner of banking was not liable to file an account of the trust company as guardian of the petitioner. There is no controversy in regard to the amount of money which came into the custody of the trust company or one or more of its employees as the property of the petitioner. The finding of the orphans' court on that subject should be satisfactory. The status of the liability of the trust company with respect to the rights of other creditors is a different subject to be disposed of in another proceeding. The question of interest on the appellant's claim was not considered by the court.

If there be any increment on that account, it will be regarded by the proper court in the event of the participation of the petitioner in the fund for distribution.

The decree is affirmed at the cost of the appellant.